# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior; AURELIA SKIPWITH, in her official capacity as Director of the U.S. Fish and Wildlife Service; U.S. FISH AND WILDLIFE SERVICE;<br><br>*Defendants.* | Case No. 3:20-cv-00333-KJD-CLB<br><br>**STIPULATED SETTLEMENT AGREEMENT** |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity ("Center") and Defendants David Bernhardt, in his official capacity as Secretary of the United States Department of the Interior, Aurelia Skipwith, in her official capacity as Director of the United States Fish and Wildlife Service ("Service"), and the Service (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on June 27, 2014, the Service received a petition requesting that the distinct population segment of relict dace (*Relictus solitaries*) located at Big Spring, about 4 miles south of Oasis, Nevada, in the southwest corner of Section 27, T. 36 S., R. 66 E., Mount Diablo Base & Meridian (MDB&M), in Elko County, Nevada be listed as an endangered species under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*, on an emergency basis;

WHEREAS, on August 25, 2014, the Service responded to the petition that it reviewed the information presented and did not find that the species warranted emergency listing under the ESA;

WHEREAS, on April 10, 2015, the Service issued a 90-day finding pursuant to 16 U.S.C. § 1533(b)(3)(A), concluding that the petition presented substantial scientific or commercial information indicating that listing the relict dace under the ESA may be warranted, *see* 80 Fed. Reg. 19259 (April 10, 2015);

WHEREAS, on November 20, 2019, the Center sent Defendants a letter stating its intent to file suit to compel the Service to issue a 12-month finding pursuant to 16 U.S.C. § 1533(b)(3)(B) as to whether listing the relict dace under the ESA is warranted, not warranted, or warranted but precluded;

WHEREAS, on January 17, 2020, the Service sent a response to the Center's notice letter explaining that an updated workplan for species listings, including the relict dace, was issued in 2019, in which the Service set forth reprioritized actions in accordance with its Prioritization Methodology, 81 Fed. Reg. 49248 (July 27, 2016), based on the conservation needs of the species, the Service's field office workloads, and a $2 million reduction in the Service's listing budget after creation of its 2016 workplan;

WHEREAS, under the Service's updated 2019 National Listing Workplan, the Service set forth a target to complete a 12-month finding for the relict dace by the end of Fiscal Year 2020;

WHEREAS, on June 1, 2020 the Center filed a complaint in the above-captioned action to compel the Service to issue a 12-month finding as to whether the listing of the relict dace is warranted, not warranted, or warranted but precluded;

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the Center's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in the Center's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. On or before November 30, 2020, the Service shall submit to the Office of the Federal Register for publication a 12-month finding as to whether listing the relict dace is warranted under the ESA, 16 U.S.C. § 1533(b)(3)(B);

2. The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3. In the event that the Service fails to meet the deadline specified in paragraph 1 and has not sought to modify this Agreement, the Center's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. This Agreement requires only that the Service take the action specified in paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination made pursuant to paragraph 1. To challenge any final determination issued in accordance with this Agreement, the Center will be required to file a separate action, and Defendants reserve the right to raise any applicable claims or defenses in response thereto.

5. The obligations imposed on the Service under this Agreement can only be undertaken using appropriated funds. No provision of this Agreement shall be interpreted as, or shall constitute, a commitment or requirement that the United States is obligated to pay funds or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other provisions of law.

6. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing a 12-month listing decision for any petitioned species.

7. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have. This Agreement is executed for the

purpose of settling the Center's complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

8.      The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims disputed by the parties. By entering into this Agreement, the parties do not waive any legal rights, claims, or defenses, except as expressly stated herein. This Agreement contains all of the terms of agreement between the parties concerning the Center's complaint, and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations or understandings not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

9.      The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

10.     The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

11.     Upon approval of this Agreement by the Court, all counts of the Center's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 15th day of September 2020.

| | |
|---|---|
| PLAINTIFF CENTER FOR BIOLOGICAL DIVERSITY | DEFENDANTS DAVID BERNHARDT, AURELIA SKIPWITH, AND THE UNITED STATES FISH AND WILDLIFE SERVICE |
| */s/ Christopher W. Mixson*<br>Christopher W. Mixson<br>Nevada Bar No. 10685<br>Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP<br>5594-B Longley Lane<br>Reno, Nevada 89511<br>775-853-6787<br>cmixson@wrslawyers.com<br><br>*Attorneys for Plaintiff* | JEAN E. WILLIAMS, Deputy Assistant Attorney General<br>SETH M. BARSKY, Section Chief<br>MEREDITH L. FLAX, Assistant Section Chief<br><br>*/s/ Michelle M. Spatz*<br>MICHELLE M. SPATZ<br>D.C. Bar No. 1044400<br>Trial Attorney<br>United States Department of Justice<br>Environment & Natural Resources Division<br>Wildlife and Marine Resources Section<br>P.O. Box 7611, Ben Franklin Station<br>Washington, D.C. 20044-7611<br>Tel: (202) 598-9741<br>Fax: (202) 305-0275<br>E-mail: michelle.spatz@usdoj.gov<br><br>*Attorneys for Defendants* |

**IT IS SO ORDERED:**

*[signature]*

**UNITED STATES DISTRICT JUDGE**

**DATED:** September 30, 2020

6